UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY GREENLEE, <br><br> Plaintiff, <br><br> v. <br><br> MIAMI CORRECTIONAL FACILITY, <br><br> Defendant. | CAUSE NO. 3:22-CV-575-JD-MGG |

OPINION AND ORDER

Jeremy Greenlee, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Greenlee alleges that he was removed from his cell at Miami Correctional Facility for it to be searched. During the search, officers removed the light fixture and did not replace it. This was the only light source in the cell because the window had previously been broken and covered with a metal plate, blocking all light. When Greenlee was returned to his cell, he says the officers put him in a pitch-black cell while he was still wearing mechanical restraints. As a result, he fell and injured his leg.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a claim, Greenlee must allege a prison official "knows of and disregards an excessive risk to inmate safety." *Id.* at 837. This encompasses both an objective and a subjective component. Greenlee has plausibly alleged an excessive risk to his safety by being left in a pitch-black cell while wearing mechanical restraints, depending on how long he was left there.

But Greenlee has not identified a defendant who could be held responsible for the alleged violation. To recover damages, he must identify a defendant who was personally involved in the alleged violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Here, he does not identify the officer involved. Instead, he sues Miami Correctional Facility. But Miami Correctional Facility is a building, not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot proceed on this complaint.

Greenlee includes a Notice of Tort, suggesting he also wishes to assert a state-law negligence claim for his injury. However, unless there is a federal claim to supply this court with jurisdiction over the case, the court can hear state-law claims only if diversity jurisdiction is present. *See Smart v. Local 702 Int'l Brotherhood of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Diversity jurisdiction requires that the amount in controversy exceeds $75,000, and that there is complete diversity of citizenship between Greenlee and any defendant. *See* 28 U.S.C. § 1332. There is no indication that these requirements are met, so he cannot proceed on the negligence claim based on this complaint.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Greenlee may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jeremy Greenlee until **September 16, 2022**, to file an amended complaint; and

(2) CAUTIONS Jeremy Greenlee if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 15, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT