UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMY GREENLEE,

        Plaintiff,

        v.                            CAUSE NO. 3:22-CV-575-JD-MGG

WILLIAM HYATTE,

        Defendant.

OPINION AND ORDER

Jeremy Greenlee, a prisoner without a lawyer, filed a complaint against Miami Correctional Facility for injuries he sustained after he was placed in a pitch-black cell while in mechanical restraints. ECF 1. The court informed him that Miami Correctional Facility was not a proper defendant and he needed to identify a defendant who was personally involved in the alleged violation. ECF 5. He was told that "[t]o state a claim, Greenlee must allege a prison official 'knows of and disregards an excessive risk to inmate safety.'" *Id.* at 5 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Greenlee has now filed an amended complaint, making the same allegations, but naming Warden William Hyatte as the defendant. ECF 6. He alleges that Warden Hyatte ordered the cell search as part of a facility-wide shakedown. During the search of Greenlee's cell the searching officers removed the light fixture and then placed him in the resulting darkness while in restraints. The complaint, however, does not plausibly allege that Warden Hyatte can be held responsible for the searching officer's actions. A supervisory official cannot be held liable based on the independent actions of the

people he oversees. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). And there is no basis to infer that the Warden knew the searching officers would act that way when conducting the search. Therefore, Greenlee may not proceed against Warden Hyatte.

This complaint does not state a claim for which relief can be granted. However, Greenlee will be given another chance to identify a defendant who was personally involved in the alleged violation. If he doesn't know the individual officers' names, he must describe them to the best of his ability. To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jeremy Greenlee until **November 18, 2022**, to file an amended complaint; and

(2) CAUTIONS Jeremy Greenlee if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 18, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT